**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jared Hughes, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Global Credit & Collection Corporation, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jared Hughes ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Glendale.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Global Credit & Collection Corporation ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

Complaint - 2

11. Defendant caused Plaintiffs cellular telephone to ring repeatedly and continuously, in excess of 20 times during one month-long period, at times equaling or exceeding 4 telephone calls in one day, actions which evidence an intent to harass, annoy or abuse Plaintiff. (15 U.S.C. § 1692d(5).

12. Defendant stated to Plaintiff in January 2010 that Plaintiffs balance was $1,666.00 and that said amount was no longer subject to interest and fees.

13. In reliance upon this representation, Plaintiff made three payments to Defendant in the amount of $100.00 each on February 18, March 18 and April 18.

14. Plaintiff was then subsequently told by Defendant that his balance was $1,475.64, not $1,366.00, and thus Defendant falsely represented the character and amount of Plaintiffs alleged debt. (15 U.S.C. § 1692e(2)(A)).

15. Plaintiff was told by an employee and/or agent of Defendant (first name: Chris) that said employee and/or agent was an Attorney for Defendant, when if fact, said individual was not an attorney, falsely representing that an individual is an attorney. (15 U.S.C. § 1692e(3).

16. Defendant, during telephone conversations with Plaintiff, threatened the Plaintiff that he would be sued and his paychecks garnished if he did not pay Defendant promptly, falsely representing and implying that nonpayment of Plaintiffs alleged debt would result in the seizure, garnishment, attachment or sale of Plaintiffs property or wages, where Defendant did not intend to take such action. (15 U.S.C. §§ 1692e(4), 1692e(5))..

17. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 29th day of June, 2010

By: <u>s/ Marshall Meyers</u>
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff